IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2153-F

ANTHONY JUNIOR BARNHILL,           )
                                   )
            Petitioner,            )
                                   )
      v.                           )          ORDER
                                   )
STATE OF NORTH CAROLINA,           )
                                   )
            Respondent.            )

Anthony Junior Barnhill, an inmate in the custody of the State of North Carolina, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the undersigned for an initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"). Pursuant to section 1(b) of Rule 4, the court must dismiss any petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

It appears clear from the face of the petition and documents provided by petitioner that he is not entitled to relief because he does not meet the "in custody" requirement of § 2254(a) and because the petition is barred by the applicable statute of limitations.

I.    Background

According to the petition and supporting documents provided by petitioner, on March 16, 2010, he was convicted, based upon his plea of *nolo contendre*, in the Superior Court of New Hanover County, North Carolina, on twelve counts of felony breaking and entering and one count of possession of stolen goods. Pet. 1; Transcript of Plea, ex. J to Pet; [D.E. # 1-2] 150-53. Petitioner

was sentenced to a minimum of nine and a maximum of eleven months' imprisonment on each count of conviction to be served concurrently with one another and with an undischarged sentence he was already serving at the time of sentencing. Judgment and Commitment, ex. G to Pet. [D.E. # 1-2] 58-65.[1] Petitioner began serving this sentence immediately. According to the North Carolina Department of Public Safety's "Offender Public Information" website search application,[2] petitioner's sentence on the offenses which are the subject of the instant petition expired on January 8, 2011.[3]

It appears that petitioner sought an untimely appeal of his convictions, which was dismissed by the North Carolina Court of Appeals on December 10, 2010. Pet. 2; Order, misc. docs submitted with Pet. [D.E. # 1-1] at 5. Petitioner did not seek further appellate review on direct appeal of his conviction.

Petitioner filed a motion for appropriate relief ("MAR") concerning the subject convictions in the Superior Court of New Hanover County on March 14, 2012. State's Resp. to Pet. for Cert.,

---

[1] Petitioner incorrectly describes his sentence on the convictions which are the subject of the instant petition as "(10-12) months additional after serving (103-133) months." Pet. 1. The judgment and other documents which petitioner has provided with his petition make clear that he sentence he received was nine to eleven months to be served concurrently with his preexisting sentences. The sentence petitioner describes as a ten to twelve month consecutive sentence was imposed for yet another separate conviction, also for possessing stolen goods, on January 21, 2010. This was nearly two months prior to the March 16, 2010, convictions with which the instant petition is concerned.

[2] Available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=vie (last visited Nov. 1, 2012).

[3] Due to petitioner's pre-existing sentences on several unrelated offenses, his projected release date from incarceration is February 14, 2018. Incidentally, petitioner has filed a habeas corpus challenge concerning two of these prior convictions, which is also pending before the undersigned. See Barnhill v. State of North Carolina, no. 5:12-hc-2130-F (filed May 23, 2012).

2

id. [D.E. # 1-1] 7. The Superior Court denied the MAR on April 20, 2012. Id. On May 3, 2012, petitioner filed a petition for certiorari review in the North Carolina Court of Appeals. Id. The petition was denied by order entered on May 23, 2012. Order, id. at 12. Petitioner filed the instant federal habeas petition on June 21, 2012.

II.    The "in-custody" requirement.

As a necessary precursor to the court's exercise of jurisdiction over a petition for habeas corpus relief from a state court conviction and sentence, the petitioner must be "in custody" pursuant to that state court judgment. The Fourth Circuit recently addressed this "in custody" requirement, explaining as follows:

> Section 2254 provides that a federal court or judge
>
>> shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> 28 U.S.C. § 2254(a). The Supreme Court has construed this provision to be jurisdictional and to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (emphasis added).
>
> . . .
>
> Despite the limited expansion of the strict historical meaning of "in custody" brought about by Jones[ v. Cunningham, 371 U.S. 236 (1963)] and later cases, the Supreme Court later cautioned that it had "never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491. Maleng recognized that although a petitioner is subject to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, he "suffers no present restraint from a conviction" and therefore is not in custody after fully serving his sentence. Id. at 492. As the Court explained, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. It observed that a contrary ruling "would mean that a petitioner whose sentence has completely expired

3

could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute...."
Id.

Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir. 2012). As set forth above, petitioner was discharged from his sentence for the instant state court convictions on January 8, 2011. As petitioner was no longer "in custody" pursuant to those convictions at the time he filed the instant petition in June of 2012, the petition is due to be dismissed for lack of jurisdiction. Id.; see also Lyons v. Lee, 316 F.3d 528, 532-33 (4th Cir. 2003) (citing Maleng, 490 U.S. at 490-91).

III.     Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year of any of four applicable triggering events set forth in the statute. 28 U.S.C. § 2244 (d)(1). The limitation period begins to run from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Pursuant to § 2244(d)(2), the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." An application for post-conviction review is pending from "initial filing

4

to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review) . . . ." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

AEDPA's statute of limitations is also subject to equitable tolling if the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, _ U.S. _, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Hence, equitable tolling of the habeas statute of limitations should be allowed only in those "rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008).

There is no basis for assessing the timeliness of the instant petition other than the finality of petitioner's conviction pursuant to § 2244(d)(1)(A). As described above, petitioner was convicted and sentenced on March 16, 2010. Although it appears that he failed to timely file a direct appeal of his conviction, the court need not rely upon such a failure in its analysis. Even construing petitioner's conviction as not yet "final" until the North Carolina Court of Appeals dismissed his

5

belated appeal on December 10, 2010,[4] the federal petition remains untimely. The court will assume, for purposes of argument, that petitioner's conviction became "final" upon the expiration of the time during which he could have pursued further discretionary review of the North Carolina Court of Appeals' dismissal of his untimely appeal in the North Carolina Supreme Court. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012). In North Carolina, a defendant seeking discretionary review by the North Carolina Supreme Court of a decision by the North Carolina Court of Appeals must file the petition for review within thirty-five days of the issuance of the Court of Appeals' decision. See N.C. R. App. P. 14(a) & 15(b) (providing 15 days after issuance of North Carolina Court of Appeals issues its mandate to file notice of appeal or petition for discretionary review with North Caroline Supreme Court); N.C. R. App. P. 32(b) (mandate issues twenty days after filing of the written opinion). See also Saguilar, 348 F. Supp.2d at 598. Thus, giving petitioner all of the benefit of the doubt, his conviction became "final" for purposes of § 2244(d)(1)(A) on January 14, 2011, and the limitations period began running thereafter.

It appears petitioner did not file anything approximating a "properly filed" MAR concerning the instant convictions until March 14, 2012, more than a year after the very latest point at which his conviction could have become final. Because more than a year elapsed before any statutory tolling could have occurred, the federal habeas petition, which was filed nearly a month after the conclusion of the MAR proceedings, is untimely and is due to be dismissed.

---

[4] In general, a defendant's untimely filing of a notice of appeal or a petition for certiorari review of his direct appeal does not resurrect the direct appeal or otherwise extend the time during which his conviction was not yet considered "final" for purposes of § 2244(d)(1)(A). See N.C. R. App. P. 21; Saguilar v. Harkleroad, 348 F. Supp.2d 595, 598 (M.D.N.C. 2004) ("A request for an 'extraordinary writ,' which is not part of the regular review process, does not toll the AEDPA limitation period.").

The form § 2254 petition utilized by petitioner includes a portion which advises the applicant about the operation of the one-year limitations period and instructs the petitioner to explain "why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 28. Petitioner only offers the following: "(Skip To Next Question):" Id. Clearly, this is insufficient as an explanation of either the asserted timeliness of the petition or as a request for equitable tolling.

Although, pursuant to Rule 4, "a federal habeas court has the power to raise affirmative defenses *sua sponte*," including the statute of limitations defense, generally "the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d)" and allow the petitioner the opportunity to respond. Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002); see also Bilal v. North Carolina, 287 F. App'x 241, 245-46 (4th Cir. 2008) (unpublished decision). In responding to that portion of the habeas form-petition that instructed him to explain why his petition is not time-barred, petitioner arguably has been provided with all of the notice and opportunity to be heard required by law. In any event, given petitioner's clear inability to satisfy the "in-custody" requirement for seeking federal habeas corpus relief concerning these convictions, the court need not further inquire into his entitlement to equitable tolling.

For all of the reasons given above, the petition is due to be dismissed pursuant to Rule 4 of the Habeas Rules.

IV.    Certificate of Appealability

Rule 11 of the Habeas Rules provides "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the petition shall be dismissed, the court now considers whether petitioner is entitled to a certificate of

7

appealability.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has adjudicated and denied a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could debate whether the issue should have been decided differently or show that the issue is adequate to deserve encouragement to proceed further. See, e.g., Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484)). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of the petition debatable or wrong and no issue is adequate to deserve encouragement to proceed further. See Lyons, 316 F.3d at 532-33 (denying COA where petition was dismissed on procedural grounds due to failure to satisfy "in custody" requirement). Accordingly, a certificate of appealability will be denied.

V.      Conclusion

For all of the foregoing reasons, the court finds that it lacks jurisdiction over the petition

8

[D.E. # 1], and that it is therefore DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Cases in The United States District Courts. The court DENIES a certificate of appealability. Petitioner's "Motion for Leave to Conduct Discovery" [D.E. # 2], "Motion for Funds to Hire an Expert" [D.E. # 3], "Motion for Appointment of Counsel With PHC" [D.E. # 4], and motion for leave to proceed *in forma pauperis* [D.E. # 6] are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 6ᵗʰ day of November, 2012.


_____
JAMES C. FOX
Senior United States District Judge